```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY RIZZO, Individually and as
Parent and Natural Guardian of
Michaela Christine Rizzo and
Noah Matthew Rizzo,

                    Plaintiff,           02-CV-6322T

          v.                             ORDER

EDISON INC., CHARTER SCHOOL OF SCIENCE
AND TECHNOLOGY, JOSEPH ACCONGIO,
Individually and in his capacity as
Principal of the Charter School of
Science and Technology, CITY OF
ROCHESTER, NEW YORK, and ROCHESTER
POLICE OFFICER CORIDDI, AND KNOWN OR
UNKNOWN OFFICERS, AND OTHER SUPERVISORY
PERSONNEL OF THE ROCHESTER POLICE
DEPARTMENT,

                    Defendants.
_____
```

By motion dated March 24, 2005, plaintiff Mary Rizzo, ("Rizzo"), moves for reconsideration of this court's Decision and Order dated March 10, 2005 dismissing her Complaint. Familiarity with that Decision and Order is presumed. Rizzo contends that this court overlooked facts that, had they been properly considered, would have altered this court's determination that plaintiff is not entitled to relief for her claims of negligence, false imprisonment, malicious prosecution, intentional infliction of emotional distress, libel, violation of her civil rights, and false arrest. Specifically, plaintiff objects to this court's finding that her arrest was supported by probable cause, and contends that

the evidence supports her contention that there was no probable cause to arrest her on charges of making a threatening phone call to the school where she was formerly employed. Defendants oppose plaintiff's motion.

Plaintiff contends in her motion for reconsideration that this court overlooked evidence that secretary Rochelle Alston ("Alston"), who received the threatening phone call, admitted at plaintiff's trial that she was not completely sure that the voice of the caller belonged to Rizzo. Plaintiff alleges that Alston's testimony vitiates any finding of probable cause, because without a clear identification of Rizzo as the caller, there was no basis to suspect her or arrest her on charges of making the threatening call.

For the reasons that follow, I deny plaintiff's motion for reconsideration. First, this court did consider Alston's trial testimony in determining whether or not there was probable cause to arrest Rizzo. Even assuming arguendo that Alston testified that she could not recognize the caller's voice, the evidence demonstrates that on the day the call was made, Alston informed officer Frank Coriddi ("Coriddi") that she received a threatening phone call, and that she recognized the voice of the caller as that of Mary Rizzo. This court's determination that probable cause existed for the arrest was based largely in part on the fact that Alston informed Coriddi that she received a threatening phone call

and that she recognized the voice as that of Mary Rizzo. Plaintiff has provided no evidence, either testimonial or documentary, that Alston did not make such a representation to Coriddi. Plaintiff can point to no portion of Alston's trial testimony indicating that Alston did not inform Coriddi that she recognized Rizzo's voice, and plaintiff declined to depose Alston on that issue or any other subject. Moreover, Alston submitted a sworn declaration affirming that at on the day the call came in, she informed Coriddi that she received the call, and that she believed the call was made by Rizzo based on Alston's recognition of her voice.

Because the determination of whether or not probable cause to arrest is made on the basis of information known by the officer at the time of the arrest, the fact that Alston may have equivocated on the stand during trial does not vitiate the evidence that at the time of the arrest, Alston told officer Coriddi that she recognized the caller's voice as that of Mary Rizzo. See Ricciuti v. N.Y.C. Transit Authority, 124 F.3d 123, 128 (2nd Cir. 1997)(in determining whether or not probable cause to arrest exists, courts consider "the facts available to the officer at the time of the arrest.")(emphasis mine); L.B. v. Town of Chester, 232 F.Supp.2d 227,233 (S.D.N.Y. 2002)("In determining whether an arrest is valid, a court considers the information available to the officer at the time of the arrest. . . . Whether a suspect was acquitted later of the charges for which he or she was arrested is irrelevant to the

3

determination of probable cause.")(citing Michigan v. DeFillippo, 443 U.S. 31, 36 (1979)).  Additionally, there is no evidence that Alston provided this information to Coriddi in bad faith.  Accordingly, as I held in my previous decision and Order, the information available to Officer Coriddi at the time of the arrest supported a finding of probable cause.  Absent evidence that Alston lied to Coriddi, or somehow acted in bad faith, Alston's trial testimony has no bearing on the finding of probable cause.  For these reasons, plaintiff's motion for reconsideration is denied.

    ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
        June 8, 2005